IN THE CIRCUIT COURT OF RICHMOND CITY, VIRGINIA

CHARLENE J WATKINS, Plaintiff

Case No. 3:25CV60

JURY TRIAL DEMANDED

V.

FEDERAL HOME LOAN MORTGAGE CORPORATION, TRUSTEE FOR FMSCRT Trust, SERIES 2023-1, FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2023-1, RAS-TRUSTEE SERVICES, LLC, COUNTRYWIDE HOME LOANS, INC/BOA LOAN SERVICING SPECIALIST, NEWREZ, LLC DBA SHELLPOINT     VIRGINIA HOUSING DEVELOPMENT AUTHORITY
Defendants

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Charlene J Watkins, pro se, Plaintiff to bring this action for recoupment of damages against the defendants for the ongoing suffering and extortion caused by the unfair and deceptive practices of the defendants, including but not limited to false misrepresentation of material facts, breach of contract, breach of trust, failure to disclose, contract fraud, violations of TILA; hereby files this complaint, and in support thereof, states as follows:

### PARTIES

1. The Plaintiff:
   Charlene J Watkins
   4337 Ferguson Lane
   Richmond, Virginia
   23234

2. The Defendants:

1

    a. Federal Home Loan Mortgage Corporation, Trustee for FMSCRT Trust, SERIES 2023-1
       8200 Jones Branch Drive
       McLean, Virginia

    b. Countrywide Home Loans, Inc/BOA Loan Servicing Specialist
       100 North Tryon Street
       Charlotte, North Carolina
       28255

    c. Freddie Mac Seasoned Credit Risk Transfer Trust, SERIES 2023-1
       8200 Jones Branch Drive
       McLean, Virginia

    d. Virginia Housing Development Authority
       601 South Belvidere Street
       Richmond, Virginia
       23220
       22102

    e. NewRez, DBA Shellpoint
       75 Beattie Place, Suite 300
       Greenville, South Carolina
       29601

    f. RAS Trust Services, LLC
       4012 Raintree Rd Ste 100A
       Chesapeake, VA
       23321

## JURISDICTION AND VENUE

The jurisdiction of this court is invoked under 15 USC 1601(TILA), contract fraud, breach of contract, and false misrepresentation of material facts, and adequate assurance of performance.

The venue is proper pursuant to 23 USC 1391 due to the mortgages and deeds of trust being executed, as well as the subject matter property being located in this district.

The basis for federal court jurisdiction in this matter is Federal question.

## STATEMENT OF FACTS

On May 25, 2001, Plaintiff entered into a consumer credit transaction to purchase her property at 4337 Ferguson Lane, Richmond, Virginia 23234 as a first-time homebuyer through the Virginia Housing Development Authority. As a result, a deed was recorded on the county record showing the property she purchased using her consumer credit for family, personal, and household reasons being granted to her. The deed was executed on May 25, 2001 and recorded as document no. 010016132 in the city of Richmond on June 25, 2001 at 2:54 pm. This deed is evidence that the Plaintiff is the true owner of the property as it was conveyed to her, see Exhibit A.

The Plaintiff also possesses a certified copy of a UCC-11 search dated January 22, 2025, that resulted in no liens, interest, or rights showing secured on her property by any person or financial institution. These results are further evidence that the Plaintiff is the rightful owner and REAL party of interest in her property at 4337 Ferguson Lane, Richmond, Virginia 23234, see Exhibit B and is being extorted for payment.

On September 26, 2006, Plaintiff entered into another consumer credit transaction to refinance her property in which she signed a promissory note with CountryWide Home Loans, Inc. later acquired by BOA Loan Servicing Specialist. At the time the Plaintiff was not aware she was already the true owner of the property as evidenced by the deed recorded from her initial purchase of the property, or that she was being extorted for payments she does not owe as this was all concealed from her by the false misrepresentation of material facts and lack of full disclosure of the true nature of the transaction. The defendant entered into the agreement with unclean hands misrepresenting itself as a lender. The ambiguous language on the contract

clearly states, "For the loan that I received...". The note itself is prima facie evidence of the misrepresentations and the Plaintiff's entitlement to recoupment. The deed of trust in which the Plaintiff granted legal title and power of sale to the trustee, Samuel White for the benefit of MERS is **fraud**. The Plaintiff granted the security interest in her property under the misrepresentation that the bank was extending her credit to refinance the property. The Plaintiff is now aware that neither bank(the original mortgagor or the refinancer) ever extended her any credit, but instead accepted her promissory note as a cashier's check depositing it, and then using the deposit to fund the loan. A deposit upon the bank's books is a liability owed to the depositor, which is still outstanding for every institution that deposited her note. *If the bank never fulfills its obligation in the contract, then the bank does not own the mortgage note.* "A bank is not the holder in due course upon merely crediting the depositors account." Bankers Trust v. Nagler, 229 NYS 2d 142, 143. The bank received equity in the Plaintiff's property for free without risking any of its assets or that of its customers, in exchange for the unpaid liability. The Plaintiff received no equal value consideration in exchange for her security interest, which **vitiates** the rights granted by her in the deed of trust. The trustee does not have and cannot prove any standing to lawfully foreclose on the Plaintiff's property, because the financial institution never performed its obligation of the contract which was to extend the Plaintiff's credit. Therefore, lawful interest was never obtained by the financial institution for the trustee to be granted legal title. If the bank refuses to perform, then they must return the mortgage note. If the bank wishes to perform, then they must make the loan. The past payments must be returned because the bank had no rights or interest in the property to extort payments. The bank has no right to sell a mortgage note for two reasons. The mortgage note was deposited and the money was withdrawn without authorization by using a forged signature; two, the contract was never fulfilled. The bank

4

acted without authorization and is involved in fraud thereby damaging the alleged borrower. For a legal obligation to stand both parties must give consideration. The Plaintiff is the originator of the note that was deposited as an asset to the bank, therefore, she is invoking her right to adequate assurance of performance by the bank, pursuant to UCC § 2-609. Otherwise, this is an unconscionable contract written by the bank that they failed to perform their obligation regarding, thereby receiving/depositing the note at no cost to them. This is unfair and deceptive to the Plaintiff. The rule that requires mutuality of obligation with respect to contracts to be performed in the future, where the promise of one party constitutes the sole consideration for the promise of the other party, arises from what is regarded by the courts as the inherent unfairness of enforcing a contract which requires performance by one of the parties but leaves the other party free to accept or reject performance. E.I. Du Pont De Nemours & Co. v. Claiborne-Reno Co. (C.C.A. 8th) 64F. (2d) 224, 89 A.L.R. 238.

      The Plaintiff engaged in a consumer credit transaction in which she was deprived of her consumer rights protected by the Truth In Lending Act. Pursuant to 15 USC 1601, the plaintiff has the right to an informed use of her credit which she was not provided, neither was the plaintiff given her right of rescission. Pursuant to 12 CFR § 1026.4 the finance charge in connection with <u>any</u> consumer credit transaction shall be determined as the **sum of all charges** which was never disclosed to the plaintiff and puts the defendants in direct violation of this law. The finance charge presented in the disclosures of the Plaintiff's mortgage does not equate to the sum of all charges. The Plaintiff was also imposed a down payment of $1500 by Virginia Housing Development Authority, violating 12 CFR § 1026.4 which clearly says that the finance charge does not include charges of a type payable in a comparable cash transaction.

The agreement in the contract was for Countrywide to extend the Plaintiff credit for the refinancing of her home. Countrywide breached the agreement by not extending its own credit11 which the Plaintiff is now aware it does not have the capacity to do. Pursuant to 12 USC 1431 Powers and Duties of the banks, they only have the capacity to BORROW, GIVE SECURITY, AND PAY INTEREST. Extending its own credit would be an ultra vires act. Included with the note signed by the Plaintiff is an endorsement stamped and signed PAY TO THE ORDER OF COUNTRYWIDE HOME LOANS, INC WITHOUT RECOURSE, signed by the Exec VP Michele Sjolander evidencing the fraudulent conversion and deposit of the Plaintiff's promissory note that was utilized to fund the transaction, then returned to the Plaintiff as a loan requiring her to repay the extension of her own credit plus interest, see Exhibit C. "It has been settled beyond controversy that a national bank, under federal Law being limited in its powers and capacity, cannot lend its credit by guaranteeing the debts of another. All such contracts entered into by its officers are ultra vires . . ." Howard & Foster Co. v. Citizens Nat'l Bank of Union, 133 SC 202, 130 SE 759(1926).

All banks are required to adhere to Generally Accepted Accounting Principles (GAAP), 12 USC 1831n. GAAP follows a double-entry bookkeeping system called the Matching Principle. When the bank records an asset from depositing the customer's note, it must also record an offsetting liability to match the accepted asset. **This liability represents the amount that the bank owes the customer from the funds accepted via the deposit of the note.** The loan from the Plaintiff to the bank was concealed, creating economics like stealing, counterfeiting, and swindling.

In July of 2024, the Plaintiff started receiving notices from NewRez, LLC dba Shellpoint. She sent numerous debt validation notices to the company requesting a copy of her original note

and clarity on how and why they are contacting her for payment. Shellpoint replied in a notice on 11/11/2024, stating due to the complexity of the matter they were requesting more time to fully respond to the Plaintiff's inquiry. Shellpoint is a third-party servicer attempting to collect a debt that not only is not owed to them but does not exist. On this same day, an appointment of a substitute trustee was executed in Maricopa County, Arizona naming RAS-TRUSTEE SERVICES, LLC a Virginia LLC as substitute trustee.

Shortly after the appointment, the Plaintiff received a notice of trustee's sale dated 11/26/2024. Included in this notice is the appointment of a substitute trustee executed in Maricopa, Arizona on 11/11/2024 and a description of the property held in the fraudulent trust that states the real estate property was conveyed by deed to the Plaintiff on May 22, 2001, Recorded June 25, 2001, in the county clerk's office. This is also evidenced in Exhibit A. The defendants are attempting to pursue an unlawful foreclosure to obtain and sell the Plaintiff's property, regarding which she is the true owner and real party of interest. An injunction to halt the unlawful foreclosure sale scheduled for January 29, 2025, at 11:30 am at the public auction held at the front of the circuit court building for the city of Richmond has been filed conspicuously with this civil complaint for the recoupment of damages the Plaintiff entailed as a result of the defendant's fraudulent actions. The exhibits attached to this complaint are prima facie evidence of the fraudulent misrepresentation, extortion of the plaintiff, and the Plaintiff's entitlement to relief.

## **VIOLATIONS OF LAW**

### **COUNT I**

**Breach of Contract:** Virginia Housing Development Authority and Countrywide Home Loans, Inc(later inquired by BOA Loan Servicing Specialist both breached the contracts entered into

with the Plaintiff by failing to perform its obligation therein. All preceding paragraphs are incorporated as though fully set forth herein.

## COUNT II

**Fraudulent Misrepresentation of Material Facts:** Both VHDA and CHL, Inc misrepresented themselves as creditors in the transactions, when all they did was play the role of a money exchanger accepting the promissory note for deposit and using the deposit to fund the transaction. All preceding paragraphs are incorporated as though fully set forth herein.

## COUNT III

**Mortgage/Contract Fraud:** The initial contractual agreement is fraudulent on its face with the ambiguous language of "For the loan I received.." when the Plaintiff never received a loan/extension of credit from the bank as she was made to believe. Banks/financial institutions cannot extend its own credit as it would be an ultra vires act. 12 USC 1431 Powers and Duties of the Banks grant them the authority to borrow, give security, and pay interest. All preceding paragraphs are incorporated as though fully set forth herein.

## COUNT IV

**TILA Violations:** The Plaintiff was not properly informed of the use of her credit in this transaction which she has the right to protected by TILA. She also was not informed of her right to rescind the agreement. Additionally, the Plaintiff was charged a downpayment of $1500 by VHDA further violating TILA. All preceding paragraphs are incorporated as though fully set forth herein.

## COUNT V

**Failure to Adhere to GAAP, 12 USC 1831n:** If the bank followed GAAP, there would be an offsetting liability recorded to match the accepted asset/promissory note. **This liability would show the amount that the bank owes the customer from the funds accepted via the deposit of the note.** It would be showing as a liability the Plaintiff owes to the bank. All preceding paragraphs are incorporated as though fully set forth herein.

## COUNT VI

**Unfair and Deceptive Practices:** Virginia's Consumer Protection Act (VCPA) prohibits unfair and deceptive trade practices. The VCPA protects consumers from fraudulent business practices, such as false advertising, misrepresentation, and unfair sales tactics. The defendants engaged in unfair and deceptive practices misrepresenting themselves as lenders in the transaction and deceiving the Plaintiff into believing she was receiving a loan by way of extension of credit from their institution. All preceding paragraphs are incorporated as though fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,**

The Plaintiff respectfully requests that judgment be entered in her favor and against the Defendants as follows:

1. Judgment against Defendants as Jointly and Severally Liable for all issues in excess of $250,000.

2. Damages for the Unfair and Deceptive Acts and Practices, and

3. Damages for Breach of Contract, and

4. Rescission of the Deed of Trust and updated deed recorded in the county record showing Plaintiff as the current owner of her property, and

5. Judgment against Defendants for return of the down payment, repayment of unjust enrichment by fraudulent conversions and transfers, all unearned interest, as well as interest on the above amount, and

6. Actual and statutory damages for violations of TILA-15 USC 1601, 12 CFR 1026.4, and

7. Costs and attorneys fees pursuant to relevant Virginia law;

8. Cost of litigation as provided in Title 15 United States Code, Section 1601 et. seq.,

9. Pre-Judgment and post judgment interest at the maximum rate allowable by law;

10. Compensatory damages;

11. Punitive damages as allowed by law;

12. Such other and further relief available under all applicable under state and federal laws and any relief the court deems just and appropriate;

## Exhibits

1. **Exhibit A:** Deed executed on May 25, 2001, and recorded on June 25, 2001, granting the property to the Plaintiff as the owner.

2. **Exhibit B:** UCC-11 Search Results

3. **Exhibit C:** Promissory note Plaintiff signed with Countrywide Home Loans, Inc with endorsement evidencing deposit and highlighter violations.

4. **Exhibit D:** Fraudulent Deed of Trust with highlighted violations

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: January 24, 2025

Respectfully Submitted,

Charlene-J: Watkins, Pro Se
4337 Ferguson Lane
Richmond, Virginia 23234
804-381-1192
charljay@hotmail.com