IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLENE J. WATKINS,
        Plaintiff,

v.                                       Civil Action No. 3:25cv60

FEDERAL HOME LOAN MORTGAGE
CORPORATION, et al.,
        Defendants.

**OPINION**

Charlene Watkins, the *pro se* plaintiff, bought a house on May 25, 2001, with a mortgage financed by the Virginia Housing Development Authority ("VHDA"). On September 26, 2006, Watkins refinanced her mortgage with CountryWide Home Loans, Inc. ("CountryWide"). Watkins then paid her refinanced mortgage for over fifteen years.

Now Watkins alleges that her original mortgage was satisfied without her knowledge on August 31, 2005, before the 2006 refinancing, and that VHDA and CountryWide conspired to fraudulently secure a promissory note from her during the refinancing process without extending any credit to her. Specifically, Watkins sues VHDA and CountryWide for misrepresentation, "contract fraud," breach of contract, unjust enrichment, and violating the Truth in Lending Act ("TILA"). She also sues four other entities involved with her refinanced mortgage—RAS Trustee Services, LLC ("RAS"); Federal Home Loan Mortgage Corporation, Trustee for FMSCRT Trust, Series 2023-1 ("Freddie Mac");[1] NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"); and Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2023-1 ("Trust")—but does not

---

[1] In their memorandum in support of their motion to dismiss, defendants Federal Home Loan Mortgage Corporation and Freddie Mac Seasoned Credit Risk Transfer Trust identify themselves as Freddie Mac and the Trust, respectively. (*See* ECF No. 33, at 1.)

1

specify causes of action against these defendants. The defendants all move to dismiss for failure to state a claim. (ECF Nos. 30, 32, 34, 37.)

The Court will grant the defendant's motions to dismiss in their entirety. First, Watkins fails to allege any actions taken by Freddie Mac, Trust, NewRez, and RAS in her Second Amended Complaint, meaning she has not stated a claim against them. Second, the applicable statutes of limitations bar four of Watkins's claims against VHDA and CountryWide. Third, Watkins's fraudulent misrepresentation claim does not plausibly allege a false representation. With no claims remaining, the Court will dismiss this case.

## I. <u>FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT</u>[2]

The allegations in this case involve several events that occurred over the past twenty-four years regarding Watkins's purchase of, and the subsequent mortgages on, her home. On May 25, 2001, Watkins purchased her home in Richmond, Virginia, financed by a mortgage through VHDA. On September 26, 2006, a little over five years later, Watkins refinanced her mortgage

---

[2] In evaluating the defendants' motion to dismiss, the Court relies on the facts from Watkins's Second Amended Complaint, the exhibits she attached to the Second Amended Complaint, and a settlement statement that CountryWide attached to its motion to dismiss. (*See* ECF Nos. 29, 29-1, 29-2, 29-3, 29-4, 38-1.) The Court is "generally limited to a review of the allegations of the complaint itself" when considering a motion to dismiss. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). But the Court can "also consider documents that are explicitly incorporated into the complaint by reference . . . [and] document[s] submitted by the movant that [were] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint." *Id.*

Here, CountryWide attaches a settlement statement to its motion to dismiss which shows that it paid off Watkins's original mortgage during the refinancing process and granted her a new mortgage loan. (*See* ECF No. 38-1.) Given that Watkins in part argues that (1) the refinancing constituted a fraudulent transaction; (2) that no money changed hands between CountryWide and VHDA, the original mortgage lender; and (3) that CountryWide did not extend her a loan, this settlement statement is integral to Watkins's allegations. Additionally, wherever Watkins's factual allegations in her Second Amended Complaint conflict with the exhibits that she attached to the Second Amended Complaint, the exhibit prevails. *Goines*, 822 F.3d at 166.

with a new lender, CountryWide. As part of the refinancing, Watkins signed a promissory note indicating that she would repay CountryWide a principal balance of $116,000 over a period of thirty[3] years. (*See* ECF No. 29-3.) Watkins also signed a deed of trust granting a nominee for CountryWide a security interest in her home. (ECF No. 29-4, at 2–3.) In addition, Watkins signed other documents showing she understood that CountryWide would pay off the original VHDA mortgage and that she would then make payments on the new mortgage to CountryWide. (*See* ECF No. 38-1; ECF No. 29 ¶ 39.)

On January 30, 2025, approximately eighteen years later, Watkins allegedly "obtained a certificate and affidavit of satisfaction" that stated her mortgage "had been paid in full" as of August 31, 2005, a year before she refinanced her mortgage.[4] (ECF No. 29 ¶ 9.) The purported certificate stated that the mortgage satisfaction was recorded in the "Richmond City Recorder's office"[5] on September 8, 2005. Thus, Watkins now believes that the entire refinancing process of her home in 2006 constituted a fraudulent transaction in which CountryWide, and other defendants deceived her into believing that she had obtained a $116,000 refinancing loan even though her mortgage had already been extinguished a year prior. Watkins asserts that CountryWide and VHDA used the 2006 promissory note as "the actual funding source of the transaction" instead of CountryWide lending the credit to her itself. (*Id.* ¶ 15.)

To support her claims, Watkins argues that "bookkeeping entries" show that CountryWide accepted her promissory note as an asset, but the corresponding liability "is still outstanding for

---

[3] Watkins agreed to pay the debt in full "no later than October 1, 2036." (ECF No. 29-4, at 2.)

[4] Watkins states that she attached the alleged certificate to her Second Amended Complaint as Exhibit E, but none of the three complaints on the docket, including the Second Amended Complaint, contain an Exhibit E or any such certificate.

[5] The Court assumes Watkins refers to the Richmond Circuit Court Clerk's office.

3

each depositor of the note." (*Id.* ¶ 27.) In other words, she claims CountryWide provided documents showing that it would pay off the original mortgage debt she held with VHDA, but that, in reality, the mortgage had already been paid off and no money ever changed hands. Unaware of the alleged fraud, Watkins paid her mortgage each month until May 2024. By 2024, NewRez assumed Watkins's loan and attempted to collect payments. Then, on an unknown date, RAS, a "newly appointed trustee, issued a notice of trustee sale in an attempt to foreclose on the Plaintiff's property." (*Id.* ¶ 30.)

## II. STANDARD OF REVIEW

The defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In deciding the sufficiency of the claim, the Court does not consider disputes involving the facts or merits of the claim. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering the motion, the Court must accept all allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, for claims involving fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he

4

obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotations omitted).

A "document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). "Principles requiring generous construction of pro se complaints are not, however, without limits . . . . District judges are not mind readers. Even in the case of pro se litigants, [judges] cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Claims Against Freddie Mac, Trust, NewRez, and RAS*

The Court will first dismiss all claims against Freddie Mac, Trust, NewRez, and RAS because Watkins failed to "'give th[ose] defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In its March 21, 2025 Order, the Court specifically directed Watkins to plead "each legal claim" in the Second Amended Complaint, and directed that "[u]nder each section, Watkins must explain why she believes each defendant is liable to her." (ECF No. 28, at 2.) At no point in alleging her claims, however, does Watkins specify any actions Freddie Mac, Trust, NewRez, or RAS took that give rise to a cause of action.[6] (*See* ECF No. 29, at 13–17.)

---

[6] Additionally, beyond her failure to specify claims against these defendants, Watkins failed to assert any specific factual allegations against two of the defendants, Trust and Freddie Mac.

5

All of Watkins's claims require a defendant to have taken some action that caused injury to her for that defendant to be liable.[7] Thus, where Watkins fails to specifically allege what actions each of these defendants took, her "complaint [] fails to articulate claims with sufficient clarity to allow the defendant[s] to frame a responsive pleading." *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). Watkins's general allegations that these four defendants engaged in conduct giving rise to the purported causes of action without specifically alleging how each did so fails to meet the pleading standard at this stage. The Court will, therefore, dismiss each of Watkins's claims against Freddie Mac, Trust, NewRez, and RAS for failure to state a claim.[8] The Court will next consider whether Watkins plausibly states a claim against CountryWide and VHDA.

### B. Claims Against CountryWide and VHDA

#### 1. *Statute of Limitations*

CountryWide and VHDA first assert that the applicable statutes of limitations bar Watkins's claims against them. A statute of limitations defense is an affirmative defense which the asserting party has the burden to prove. Fed. R. Civ. P. 8(c); *Goodman v. Praxair, Inc.*, 494

---

[7] *See Metrocall of Delaware, Inc. v. Cont'l Cellular Corp.*, 246 Va. 365, 374, 437 S.E.2d 189, 193 (1993) ("[T]he wrong of fraud requires an intentional, knowing misrepresentation by a defendant of a material fact upon which a plaintiff has relied to its detriment."); *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 381, 457 S.E.2d 36, 39 (1995) ("[T]he essential elements of a valid contract must exist . . . there must be a complete agreement including acceptance of an offer as well as valuable consideration."); *Harrell v. Colonial Holdings, Inc.*, 923 F. Supp. 2d 813, 827 (E.D. Va. 2013) ("To state an unjust enrichment claim under Virginia law, one must allege: (1) a benefit conferred; (2) knowledge that the benefit was conferred; and, (3) acceptance or retention of the benefit in circumstances that would make it inequitable to keep the benefit without paying for it."); *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 45 (4th Cir. 1973) ("It is the obligation to disclose, not the duty of subsequent performance, towards which the [Truth in Lending] Act is directed.").

[8] Even if Watkins alleged that all six defendants provided her with a fraudulent refinanced mortgage, the Court would still dismiss each of these claims for the reasons stated below.

F.3d 458, 464 (4th Cir. 2007). Although a motion to dismiss "generally cannot reach the merits of an affirmative defense," "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman*, 494 F.3d at 464. "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Here, the Court will dismiss four of Watkins's claims as time barred because the "facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.*

### a. "Contract Fraud" Claim

Watkins alleges that VHDA and CountryWide engaged in "contract fraud"[9] due to misrepresentations made by those entities, which precluded the parties from coming to "mutual assent and consideration" in forming the refinancing contract.[10] (ECF No. 29 ¶ 39.) In Virginia, a "'substantial failure of consideration is a well recognized ground for rescission of a contract.'" *Andrews v. Sams*, 233 Va. 55, 59, 353 S.E.2d 735, 738 (1987) (quoting *Southeast Lumber Co. v. Friend*, 158 Va. 863, 869, 164 S.E. 372, 374 (1932)). "For this type of proceeding, the statute of limitations in Virginia is five years." *Marriott v. Harris*, 235 Va. 199, 214, 368 S.E.2d 225, 232 (1988) (citing Va. Code § 8.01-246(2) (1987)) (now Va. Code Ann. § 8.01-246(A)(2) (2025)).

---

[9] Though Watkins titled Count II "Contract Fraud," it appears that Watkins meant to allege that the parties did not form a contract due to issues in contract formation. (*See* ECF No. 29 ¶ 39 (asserting that "[t]he contracts between the Plaintiff and the Defendant[s] are both lacking 2 essential elements to make a contract lawful and enforceable. Those 2 elements are mutual assent and consideration.") But even if Watkins meant for Count II to constitute a fraud claim, the Court would dismiss it for the same reasons it dismisses the fraudulent misrepresentation claim.

[10] In Virginia, "[t]he essential elements of a valid contract must exist" for a contract to form. *Snyder-Falkinham*, 249 Va. at 381, 457 S.E.2d at 39. These elements include "a complete agreement which requires acceptance of an offer, as well as valuable consideration." *Id.*

7

This cause of action accrues on the date the defendant agreed to provide the consideration and failed. *Andrews*, 233 Va. at 59, 353 S.E.2d at 738.

According to Watkins's Second Amended Complaint, the parties entered into the written refinancing contract, and CountryWide claimed to have provided the consideration and paid off Watkins's first mortgage, on September 26, 2006. The statute of limitations, therefore, started to run on that date, and Watkins needed to bring her contract claim on or before September 26, 2011. Instead, Watkins brought this action on January 28, 2025, more than thirteen years past the end of the statute of limitations. The Court, therefore, will dismiss Watkins's contract fraud claim against VHDA and CountryWide as time-barred.

### b. Breach of Contract Claim

In the alternative, Watkins alleges that, even if the refinancing contract constituted a valid contract at signing, the "defendants"[11] breached the refinancing contract by "depositing [the promissory note] as an asset to the bank and leveraging the deposit to create the funds for the transaction, being merely a facilitator and not a lender." (ECF No. 29 ¶ 40.) Essentially, Watkins argues that CountryWide used the promissory note to pay off VHDA's original mortgage rather than lending its own funds to Watkins, in breach of the loan agreement.

The same five-year statute of limitations period for contract claims discussed above applies here. *See* Va. Code Ann. § 8.01-246(A)(2). A breach of contract cause of action accrues at the time "the breach of contract occurs . . . and not when the resulting damage is discovered." Va. Code Ann. § 8.01-230 (2025). Watkins alleges that the defendants breached the contract when the parties signed the promissory note on September 26, 2006, the same date that CountryWide

---

[11] Watkins only brings her breach of contract claim against VHDA and CountryWide but fails to differentiate between the two parties in describing how they breached their different contracts.

8

"fraudulent[ly] deposit[ed]" the promissory note. (ECF No. 29 ¶ 21.) Thus, the purported breach occurred on September 26, 2006, more than eighteen years before Watkins brought her action. The Court, therefore, will also dismiss the breach of contract claim against CountryWide and VHDA.

### c. Unjust Enrichment Claim

Next, Watkins brings an unjust enrichment claim against CountryWide and VHDA. In Virginia, "[a]lthough [parties] cannot recover for breach of contract and unjust enrichment, they *are* allowed to *plead* these inconsistent theories." *Harrell v. Colonial Holdings, Inc.*, 923 F. Supp. 2d 813, 827 (E.D. Va. 2013) (emphasis added). Additionally, "the three-year limitations period applicable to oral contracts applies to all unjust enrichment claims," *E. W., LLC v. Rahman*, 873 F. Supp. 2d 721, 730 (E.D. Va. 2012), and "[t]he statute of limitations for unjust enrichment begins to run at the time the unjust enrichment occurred." *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 576 (E.D. Va. 2004).

Watkins asserts that "[t]he [d]efendants were unjustly enriched by monetizing [her] promissory note [and] depositing it as an asset to their financial institutions." (ECF No. 29 ¶ 41.) Watkins signed the promissory note with CountryWide on September 26, 2006. Watkins, then, had three years from that date to file her unjust enrichment claim. Here, more than three years have elapsed since September 26, 2006. The Court, therefore, will dismiss this count.

### d. TILA Claim

In addition, Watkins alleges that "the defendants violated the Truth in Lending Act" by making "misleading" or "inaccurate" disclosures regarding several aspects of the refinancing agreement, including "the true source of funds and nature of the transaction." (ECF No. 29 ¶ 42; *see id.* ¶ 29.) A one-year or three-year statute of limitations applies for any actions brought under

9

TILA. *See* 15 U.S.C. § 1640(e). Regardless of the type of action Watkins alleges, the TILA claim accrues "on the date of the occurrence of the violation." *Id.* Even allowing Watkins the longest possible limitations period of three years, any claim regarding this refinanced mortgage is time-barred under that statute, as she would have needed to file her case within three years of the date of the refinancing—September 26, 2006. Accordingly, the Court will dismiss this claim.

*e. Fraudulent Misrepresentation Claim*

Further, Watkins alleges that VHDA and CountryWide engaged in fraudulent misrepresentation when they "misrepresented themselves as lenders . . . during and after" the 2006 refinancing both because the promissory note itself "created the funds for the transaction" and because her original mortgage had already been satisfied. (ECF No. 29 ¶¶ 9, 39.)

The statute of limitations for a cause of action claiming misrepresentation or fraud accrues under Virginia law "when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249(1) (2025). When alleging fraud, "the burden . . . shift[s] to [the plaintiff] to prove that, despite the exercise of due diligence, [s]he could not have discovered the alleged fraud within the two-year period." *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 117, 661 S.E.2d 834, 839 (2008). Due diligence in Virginia requires "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case." *STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990) (quoting *Black's Law Dictionary* 411 (5th ed. 1979)). "Whether such due diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case." *Id.*

The Court may not, at the motion to dismiss stage, resolve questions of fact, such as whether Watkins exercised due diligence. *See Republican Party of N.C.*, 980 F.2d at 952 ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts.") Accordingly, the Court will not dismiss her fraudulent misrepresentation claim on the basis of statute of limitations and will instead examine whether Watkins plausibly pleaded her fraudulent misrepresentation claim.

### 2. *Failure to State a Claim – Fraudulent Misrepresentation*

In Virginia, "fraudulent misrepresentation requires that a plaintiff show [1] a false representation of a material fact; [2] made intentionally, in the case of actual fraud, or negligently, in the case of constructive fraud; [3] reliance on that false representation to their detriment; and [4] resulting damage." *Caperton v. A.T. Massey Coal Co., Inc.*, 285 Va. 537, 553, 740 S.E.2d 1, 9 (2013). At a minimum, Watkins fails to plausibly plead the first element, a false representation, made by VHDA or CountryWide.

Watkins alleges that CountryWide and VHDA made a false representation when they held themselves out as lenders who promised to pay off an already-satisfied mortgage. (ECF No. 29 ¶¶ 9, 39.) As evidence, Watkins attaches a promissory note between her and CountryWide which indicates that CountryWide provided a loan to Watkins for $116,000 in return for a 30-year repayment schedule. (ECF No. 29-3, at 1.) On the promissory note, Watkins handwrites that CountryWide deceived her by stating that it provided a loan to Watkins when CountryWide actually deposited the promissory note *itself* to fund the refinancing rather than using its own money. (*Id.* at 1, 3; ECF No. 29 ¶ 39.)

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

11

But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. Watkins's assertion that the promissory note itself funded her refinancing defies logic. A promissory note merely constitutes a legal document regarding repayment between parties. It does not have or hold monetary funds to finance a transaction. Watkins, therefore, has failed to "nudge[] [her] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and the Court must dismiss her fraudulent misrepresentation claim.

## IV. CONCLUSION

Because Watkins did not plead any actions taken by Freddie Mac, Trust, NewRez, or RAS that give rise to her stated causes of action, the Court will dismiss all claims against those parties with prejudice. And because the statute of limitations bars Watkins's contract formation, breach of contract, unjust enrichment, and TILA claims against CountryWide and VHDA, the Court will dismiss those claims with prejudice. Lastly, because Watkins fails to state a claim for which relief can be granted for fraudulent misrepresentation against CountryWide and VHDA, the Court will grant the motions to dismiss for failure to state that claim with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Watkins, the *pro se* plaintiff.

Date: _____ 2025
Richmond, VA

But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. Watkins's assertion that the promissory note itself funded her refinancing defies logic. A promissory note merely constitutes a legal document regarding repayment between parties. It does not have or hold monetary funds to finance a transaction. Watkins, therefore, has failed to "nudge[] [her] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and the Court must dismiss her fraudulent misrepresentation claim.

### IV. CONCLUSION

Because Watkins did not plead any actions taken by Freddie Mac, Trust, NewRez, or RAS that give rise to her stated causes of action, the Court will dismiss all claims against those parties with prejudice. And because the statute of limitations bars Watkins's contract formation, breach of contract, unjust enrichment, and TILA claims against CountryWide and VHDA, the Court will dismiss those claims with prejudice. Lastly, because Watkins fails to state a claim for which relief can be granted for fraudulent misrepresentation against CountryWide and VHDA, the Court will grant the motions to dismiss for failure to state that claim with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Watkins, the *pro se* plaintiff.

Date: 24 Jul 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge